1  Tarek H. Zohdy (SBN 247775)
   Tarek.Zohdy@capstonelawyers.com
2  Cody R. Padgett (SBN 275553)
   Cody.Padgett@capstonelawyers.com
3  Laura E. Goolsby (SBN 321721)
   Laura.Goolsby@capstonelawyers.com
4  CAPSTONE LAW APC
   1875 Century Park East, Suite 1000
5  Los Angeles, California 90067
   Telephone:  (310) 556-4811
6  Facsimile:   (310) 943-0396

7  Attorneys for Plaintiffs

8                    UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11 | Case No.: 5:23-cv-1617 |
| VALERIE TAYLOR and TIMOTHY SIDES, individually, and on behalf of a class of similarly situated individuals, | **CLASS ACTION COMPLAINT FOR:** |
| | (1) Negligence; |
| Plaintiffs, | (2) Violation of the California Consumer Privacy Act (Cal. Civ. Code § 1798.150); |
| v. | (3) Violation of the Customer Records Act (Cal. Civ. Code § 1798.82); |
| PENSION BENEFIT INFORMATION, LLC, a Delaware limited liability company; and THE BERWYN GROUP, INC., an Ohio Corporation; | (4) Violation of the California Right to Privacy (Cal. Const., art. I §1); |
| | (5) Violation of the Unfair Competition Law (Cal. Bus. & Prof. Code §§ 17200, *et seq.*) |
| Defendants. | (6) Breach of Implied Contract |
| | **DEMAND FOR JURY TRIAL** |

1.    Plaintiffs Valerie Taylor and Timothy Sides (collectively, "Plaintiffs"), on behalf of themselves and all others similarly situated, allege the following against Defendants Pension Benefit Information, LLC ("PBI") and The Berwyn Group, Inc. ("BGI") (collectively, "Defendants"), based on personal knowledge as to themselves and their own acts and as to all other matters based upon, *inter alia*, the investigation conducted by and through their undersigned counsel:

## INTRODUCTION

2.    Plaintiffs bring this class action against Defendants for various claims under state law arising from a data breach which compromised personal information of retired members of the California Public Employees' Retirement System ("CalPERS"), including their full name, date of birth and Social Security number ("Data Breach").

## THE PARTIES

3.    At all relevant times, Plaintiff Valerie Taylor was and is a citizen of California, residing in Riverside County. Plaintiff Taylor is an individual who has her retirement benefits managed and controlled by CalPERS and whose personally identifiable information ("PII") was subject to unauthorized access and exfiltration, theft, and disclosure as a result of the Data Breach. This resulted in an invasion of her privacy interests, loss of value of her PII, and has placed her at imminent, immediate, and continuing risk of further identity theft-related harm. Plaintiff Taylor has already expended significant time and energy monitoring her bank and credit accounts for suspicious and fraudulent activity and expects that it will be necessary for her to spend further considerable time, energy, and money on monitoring her bank and credit accounts for suspicious and fraudulent activity as part of a reasonable effort to mitigate against such harm.

4.    At all relevant times, Plaintiff Timothy Sides was and is a citizen of California, residing in Sonoma County. Plaintiff Sides is an individual who has

CLASS ACTION COMPLAINT

his retirement benefits managed and controlled by CalPERS and whose PII was subject to unauthorized access and exfiltration, theft, and disclosure as a result of the Data Breach. This resulted in an invasion of his privacy interests, loss of value of his PII, and has placed him at imminent, immediate, and continuing risk of further identity theft-related harm. Plaintiff Sides has already expended significant time and energy monitoring his bank and credit accounts for suspicious and fraudulent activity and expects that it will be necessary for him to spend further considerable time, energy, and money on monitoring his bank and credit accounts for suspicious and fraudulent activity as part of a reasonable effort to mitigate against such harm.

5.     Defendant PENSION BENEFIT INFORMATION, LLC is a limited liability company in the business of pension plan management services with its principal place of business located at 333 South Seventh Street, Suite 2400, in Minneapolis, Minnesota.

6.     Defendant THE BERWYN GROUP, INC. is a corporation in the business of pension plan management services with its principal place of business located at 2 Summit Park Drive, Suite 610, in Independence, Ohio.

7.     Plaintiffs are informed and believe that at all relevant times Defendants Pension Benefit Information, LLC and The Berwyn Group, Inc. were engaged in a joint enterprise with one another in servicing CalPERS funds. Acts of one Defendant described in this Complaint are attributed to both and each is legally responsible for the acts of itself and of the other.

8.     At all relevant times, all Defendants were and are legally responsible for all of the unlawful conduct, policies, practices, acts, and omissions as described in each and all of the foregoing paragraphs, unless otherwise indicated.

9.     At all relevant times, the unlawful conduct against Plaintiffs and Class Members as described in each and all of the foregoing paragraphs was actuated, in whole or in part, by a purpose to serve Defendants. At all relevant

CLASS ACTION COMPLAINT

times, discovery will show, the unlawful conduct described in each and all of the foregoing paragraphs was reasonably foreseeable by Defendants and committed under actual or apparent authority granted by Defendants such that all of the aforementioned unlawful conduct is legally attributable to Defendants.

## JURISDICTION

10.    This is a class action.

11.    Members of the proposed Class number more than 100 and at least one plaintiff and one defendant are citizens of different states.

12.    There are at least 100 members in the proposed class, and the aggregate claims of individual Class Members exceed $5,000,000.00 in value, exclusive of interest and costs.

13.    Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332(d).

14.    This Court has personal jurisdiction over Plaintiffs because Plaintiffs submit to this Court's jurisdiction. This Court has personal jurisdiction over Defendants because Defendants and their affiliates do business in the state of California and the claims asserted herein arise from conduct occurring in California. Defendants avail themselves of the jurisdiction of this Court by servicing California government entities, including CalPERS, and by virtue of the fact that the majority of the pensioners whose personal information data Defendants possess is personal information data belonging to California residents.

## VENUE

15.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the conduct giving rise to this lawsuit occurred here and Defendant is subject to personal jurisdiction here by conducting business within the State of California.

## FACTUAL ALLEGATIONS

16.    CalPERS pays hundreds of thousands of retirees and their beneficiaries monthly payouts, often referred to as "annuities." In order to properly handle the annuity payments, CalPERS must ensure the accuracy of their

recipients' information. This requires confirmation that the funds are being sent in the right format, to the right place, in the correct amount, and that living retirees and beneficiaries will receive the payments for deposit.

17.     Discovery will show, Defendants jointly contract with public pension funds, including CalPERS, to perform the fiduciary duty of identifying any pensioners who have died. This prevents overpayments and other errors and allows the public pension funds to find the pensioners' beneficiaries where continued payments are appropriate.

18.     PBI's website heavily advertises itself as a secure host of personal information, claiming, "protecting and securing your information is our highest priority."

19.     Beyond general statements of data security policy, PBI makes numerous other promises regarding the importance of security and the tools they use to protect pensioner data. PBI's Privacy Policy states:

> Data security is a company imperative. PBI strives to protect the personally identifiable information that we collect, maintain or disseminate, including by using appropriate administrative, physical, and technical safeguards.

20.     Additionally, PBI's Data Security policy states:

> Protecting and securing the information of our clients and our company is of critical importance to PBI. We recognize that all relationships with current and prospective clients are based upon integrity and trust, and we take our role as custodians of confidential information very seriously.

21.     PBI's Privacy Principles statement reads:

> Data security is a company imperative. PBI strives to protect the personally identifiable information that we collect, maintain or disseminate, including by using appropriate administrative, physical, and technical safeguards.

CLASS ACTION COMPLAINT

…

> PBI strives to prevent the acquisition of information from our products and services for improper purposes, such as identity theft. PBI believes in the importance of notifying individuals who may have had their sensitive personally identifiable information acquired by an unauthorized individual, as appropriate.

22. In addition to these blanket privacy policies, PBI uses a unique Privacy Notice for California Residents that "supplements the information contained in PBI's Privacy Policy and applies solely to individuals who reside in the State of California." The California-specific policy confirms that PBI collects an abundance of personal information from California residents. This information includes, *inter alia*, name, driver's license number, passport number, age, race, color, ancestry, national origin, citizenship, religion or creed, marital status, medical condition, physical or mental disability, sex, gender, gender identity, gender expression, pregnancy or childbirth and related medical conditions, sexual orientation, health insurance information, veteran or military status, insurance policy number, education, employment, employment history, bank account number, credit card number, debit card number, other financial information, browsing history, search history, history of interactions with a website or web application, and "sensory data" (defined to include "audio, electronic, visual, thermal, olfactory, or similar information"). PBI collects this information from sources that include state, local and federal government entities. Its stated purpose for collecting this information is "preventing fraud or avoiding overpayment of benefits to deceased individuals." The reason PBI lists for its California-only policy is "to comply with the California Consumer Privacy Act of 2018."

23. In May 2023, while managing CalPERS pensions, PBI used a file transfer software called MOVEit, made by Progress Software. On June 6, 2023, PBI notified CalPERS that during PBI's use of MOVEit, unauthorized third parties had been allowed to download the unencrypted PII of CalPERS retirees and

CLASS ACTION COMPLAINT

beneficiaries including First and Last Name; Date of Birth; and Social Security Number. MOVEit contained a "zero-day" flaw, meaning there was a vulnerability that had never been identified or detected and that the security system had zero days to prepare an effective response. The Data Breach resulted in unauthorized access and exfiltration, theft, and disclosure of Plaintiffs' and Class Members' PII. The individual retirees and beneficiaries of CalPERS who had information taken included individuals who were receiving an ongoing monthly benefit payment as of Spring 2023.

24.    In total, 769,000 CalPERS pensioners' full names, social security numbers, and dates of birth were exfiltrated.

25.    Rather than notify CalPERS immediately, PBI waited days. On June 4, 2023, PBI revealed to CalPERS that there had been a data security incident. On June 6, 2023, PBI informed CalPERS of the breach. But the information provided was scant and inadequate to provide the affected pensioners with notice. According to CalPERS, "PBI's initial communication with CalPERS on June 6, 2023, did not provide sufficient detail as to the scope of the data that was impacted and the individuals to which that data belonged … We recognize the need for timely, accurate communication and we share the frustrations this third-party vendor breach has created for CalPERS members and their families."

26.    CalPERS did not have sufficient information to notify affected pensioners until June 22, 2023, when it began to send letters notifying them of the breach, including to Plaintiffs. CalPERS also notified the State Attorney General the same day.

27.    Defendants' negligence and recklessness in failing to protect Plaintiffs' and Class Members' PII resulted in the Data Breach. Defendants failed to implement appropriate security measures, and Defendants' own Privacy and Security policies and protocols were thus breached. Defendants maintained the highly sensitive PII of Plaintiffs and Class Members in a form that was neither

encrypted nor redacted.

28.    Plaintiffs and Class Members have suffered fundamental violations of privacy as well as ongoing economic damages and other actual damages. Because of the Data Breach, Plaintiffs and Class Members face an increased risk of identity theft and concomitant expenses associated with mitigating that risk. Plaintiffs and Class Members require robust credit monitoring services and software to reasonably mitigate the danger of future identity theft and fraud.

29.    Plaintiffs bring this lawsuit on behalf of Class Members whose PII was compromised as a result of the Data Breach and Defendants' failure to (i) implement and maintain reasonable security procedures and practices appropriate to the nature of the PII; (ii) disclose its inadequate security procedures and practices; (iii) effectively monitor its systems for security vulnerabilities; and (iv) timely detect, report, and disclose the vulnerabilities the resulted in the Data Breach, and (v) abide by Defendants' own published security policies, practices and protocols.

30.    Discovery will show, Defendants were obligated, contractually and otherwise, to maintain reasonable security procedures and practices appropriate to protect the PII of Plaintiffs and other Class Members.

31.    Basic industry standards for PII data protection include (among other things) developing and maintaining a security policy that covers all aspects of the business, installing firewalls to protect data, and encrypting PII data.

32.    Discovery will show, Defendants failed to use reasonable security procedures and practices appropriate to the nature of the sensitive information they were entrusted to maintain. A data breach of this scale would be made possible through a vulnerability in a system or server. Remarkably, the PII, which was stored and maintained at both CalPERS and PBI, was ***not password protected or encrypted***. Further, aside from this inexplicable failure to employ the most basic security precautions which resulted in the Data Breach, once the breach occurred,

1  Defendants knowingly failed to notify Plaintiffs and affected Class Members
2  within a reasonable time.

3      33.    As a result of Defendants' lax security, hackers have accessed
4  Plaintiffs Class Members' PII in a readily usable form that is of great value to
5  them, causing Plaintiffs and Class Members to be exposed to criminals seeking to
6  use the PII for nefarious and illegal activities, such as identity theft schemes.
7  discovery will show, Plaintiffs' and Class Members' PII was accessed, exfiltrated,
8  stolen, and disclosed and/or is still for sale to criminals. Given the sensitive nature
9  of the PII, Plaintiffs and Class Members face a lifetime risk of identity theft.

10     34.    PII is extremely valuable to criminals, as evidenced by the prices they
11 will pay through the dark web. Discovery will show, PII and banking information
12 can be sold at a price ranging from $40 to $200 *for a single individual*. Criminals
13 can also package and sell the PII of a group of individuals targeted by a data breach
14 for an even greater sum.

15     35.    At all relevant times, Defendants knew, or reasonably should have
16 been aware, of the importance of protecting the PII and the consequences of a
17 breach of data security, including the significant costs that would be imposed on
18 Plaintiffs and Class Members.

19     36.    The pensioners have incurred and will continue to incur expenses
20 trying to mitigate their harm. Identity theft protection and credit monitoring
21 services cost consumers as much as $30 per month. Tracking down and containing
22 hacked personal information is even more costly, requiring the use of private
23 investigators and data security professionals. Studies by the National Institute of
24 Standards and Technology show hackers often steal data and then hold it for future
25 use years, or even decades later. Thus, the victims of the PBI data breach will
26 require ongoing protections.

27     37.    In addition, pensioners have spent and will spend substantial amounts
28 of their time attempting to remedy the losses and securing their information and

1    assets from further attack consequent to the breach.

2                            **CLASS ACTION ALLEGATIONS**

3           38.    Plaintiffs bring this lawsuit as a class action on behalf of themselves

4    and all others similarly situated as members of the proposed Class pursuant to

5    Federal Rules of Civil Procedure, Rule 23(a) and 23(b)(3). This action satisfies

6    the numerosity, commonality, typicality, adequacy, predominance, and superiority

7    requirements of those provisions.

8           39.    The Class is defined as:

9

10          **Class**: All CalPers membera nationwide whose personal
            information was exfiltrated in the 2023 PBI data security

11          incident, described herein.

12                 **California Sub-Class:** All CalPers members who
                   are residents of the State of California whose

13                 personal information was exfiltrated in the 2023
                   PBI data security incident, described herein.

14

15

16          40.    Excluded from the Class are Defendants and any entities in which

17   Defendants or their subsidiaries or affiliates have a controlling interest, as well as

18   Defendants' officers, agents, and employees. Also excluded from the Class are the

19   judge assigned to this action, members of the judge's staff, and any member of the

20   judge's immediate family. Plaintiffs reserve the right to amend the Class definition

21   if discovery and further investigation reveal that the definition should be expanded

22   or otherwise modified.

23          41.    Numerosity:    Although the exact number of Class Members is

24   uncertain, and can only be ascertained through appropriate discovery, the number

25   is significant enough such that joinder is impracticable. The disposition of the

26   claims of these Class Members in a single action will provide substantial benefits

27   to all parties and to the Court. The Class Members are readily identifiable from

28   information and records in Defendant's possession, custody, or control.

                         CLASS ACTION COMPLAINT

42.  <u>Typicality</u>:  Plaintiffs' claims are typical of the claims of the other members of the Class because, among other things, Plaintiffs and Class Members were injured through the substantially uniform misconduct by Defendants. Plaintiffs are advancing the same claims and legal theories on behalf of themselves and all other Class Members, and there are no defenses that are unique to Plaintiffs. The claims of Plaintiffs and those of other Class Members arise from the same operative facts and are based on the same legal theories.

43.  <u>Commonality</u>:   There are numerous questions of law and fact common to Plaintiffs and the Class that predominate over any question affecting Class Members individually. These common legal and factual issues include the following:

(a)  Whether Defendants' substandard security practices resulted in a breach of their duty to implement and maintain reasonable security procedures and practices appropriate to the nature of the sensitive personal information so as to protect that information;

(b)  Whether Defendants failed to provide notice to affected persons, including Plaintiffs and the Class, of release of their personal information;

(c)  Whether Defendants' conduct violated California's consumer protection and privacy laws; and

(d)  Whether, as a result of Defendants' misconduct, Plaintiffs and the Class are entitled to compensatory damages, restitution, penalties, and equitable relief, and, if so, the amount and nature of such relief.

44.  <u>Adequate Representation</u>:  Plaintiffs are adequate representatives of the Class because their interests do not conflict with the interests of the other Class Members they seek to represent; they have retained counsel competent and

experienced in complex class action litigation; and they will prosecute this action vigorously. Class Members' interests will be fairly and adequately protected by Plaintiffs and their counsel.

45.    <u>Predominance and Superiority</u>:  Plaintiffs and Class Members have all suffered, and will continue to suffer, harm and damages as a result of Defendant's unlawful and wrongful conduct. A class action is superior to other available methods for the fair and efficient adjudication of the controversy. Absent a class action, most Class Members would likely find the cost of litigating their claims prohibitively high and would therefore have no effective remedy. Because of the relatively small size of the individual Class Members' claims, it is likely that only a few Class Members could afford to seek legal redress for Defendant's misconduct. Absent a class action, Class Members will continue to incur damages, and Defendant's misconduct will continue unabated without remedy or relief. Class treatment of common questions of law and fact would also be a superior method to multiple individual actions or piecemeal litigation in that it will conserve the resources of the courts and the litigants and promote consistency and efficiency of adjudication.

## FIRST CAUSE OF ACTION

### Negligence

46.    Plaintiffs incorporate by reference each allegation set forth above.

47.    Defendants owed a duty to Plaintiffs and Class Members to exercise reasonable care in obtaining, using, and protecting their PII from unauthorized third parties.

48.    The duties owed by Defendants to Plaintiffs and Class Members include, but are not limited to, the following:

a)    To exercise reasonable care in obtaining, retaining, securing, safeguarding, deleting, and protecting the PII of Plaintiffs and Class Members within their possession;

b)   To follow their own policies and procedures and terms of service related to privacy and PII data protection;

c)   To protect PII of Plaintiffs and Class Members in their possession by using reasonable and adequate data security practices and procedures to inhibit and prevent compromise of PII; and

d)   To implement practices and procedures to quickly detect and timely act on data breaches, including promptly notifying Plaintiffs and Class Members of the Data Breach.

49.   Defendants breached their duties owed to Plaintiffs and Class Members. Defendants knew or should have known the risks of maintaining and storing PII, the importance of following published and industry-standard security protocols, and the importance of maintaining secure systems.

50.   Defendants knew or should have known that their security procedures and practices did not adequately safeguard Plaintiffs' and the other Class Members' PII. Defendants also failed to timely detect the Data Breach, failed to timely notify Plaintiffs and Class Members, and failed to encrypt, redact, and password protect the Class Members' PII.

51.   Through Defendants' acts and omissions described in this Complaint, Defendants failed to provide adequate security to protect the PII of Plaintiffs and the Class Members from being accessed and compromised.

52.   Defendants breached the duties they owed to Plaintiffs and Class Members in several ways, including:

a)   Failing to implement adequate and reasonable security systems, protocols, and practices sufficient to protect Class Members' PII, creating a foreseeable risk of harm;

b)   Failing to comply with the minimum industry security standards for data security;

c)   Failing to act despite knowing or having reason to know that

CLASS ACTION COMPLAINT

1   Defendants' systems were vulnerable to attacks; and

2            d)   Failing to timely and accurately disclose to Plaintiffs and Class

3   Members that their PII was captured, accessed, exfiltrated, stolen, disclosed,

4   viewed, and/or misused.

5        53.    Due to Defendants' conduct, Plaintiffs and Class Members require,

6   among other things, extended credit monitoring. The Data Breach creates an

7   increased risk for identity theft and other types of financial fraud against the Class

8   Members. The consequences of identity theft are serious and long-lasting. There

9   is a benefit to early detection and monitoring.

10       54.    Discovery will show, as a result of Defendants' negligence, Plaintiffs

11   and Class Members suffered injuries and damages that include and/or may include:

12   (i) the lost or diminished value of PII; (ii) out-of-pocket expenses associated with

13   the prevention, detection, and recovery from identity theft, tax fraud, and/or

14   unauthorized use of their PII; (iii) lost opportunity costs associated with attempting

15   to mitigate the actual consequences of the data breach, including but not limited

16   to time spent deleting phishing email messages and cancelling credit cards

17   believed to be associated with a compromised account; (iv) the continued risk to

18   their PII, which can remain for sale on the dark web, subject to further

19   unauthorized access and disclosure; (v) future costs in terms of time, effort, and

20   money that will be expended to prevent, monitor, detect, contest, and repair the

21   impact of the PII compromised as a result of the data breach, including ongoing

22   credit monitoring.

23       55.    These injuries, which also include an invasion of privacy rights, were

24   reasonably foreseeable given the history of security breaches of this nature. The

25   injury and harm that Plaintiffs and Class Members suffered was the direct and

26   proximate result of Defendants' negligent conduct.

27

28

**SECOND CAUSE OF ACTION**

**Violation of the California Consumer Privacy Act ("CCPA")**

**Cal. Civ. Code § 1798.150**

56.    Plaintiffs incorporate by reference each allegation set forth above.

57.    At all relevant times, Defendants were "businesses" under the terms of the CCPA as sole proprietorships, partnerships, limited liability companies, corporations, associations, or other legal entities operating in the State of California that collect consumers' personal information, and that either have annual operating revenue above $25 million, collect the personal information of 50,000 or more California residents annually, or derive at least fifty percent of their annual revenue from the sale of personal information of California residents.

58.    At all relevant times, Plaintiffs and Class Members were "consumers" under the terms of the CCPA as natural persons as defined in Section 17014 of Title 18 of the California Code of Regulations.

59.    By the acts described above, Defendants violated the CCPA by negligently, carelessly, and recklessly collecting, maintaining, and controlling their customers' sensitive personal information and by engineering, designing, maintaining, and controlling systems that exposed their customers' sensitive personal information of which Defendants had control and possession to the risk of exposure to unauthorized persons, thereby violating their duty to implement and maintain reasonable security procedures and practices appropriate to the nature of the information to protect the personal information. Defendants allowed unauthorized users to view, use, manipulate, exfiltrate, and steal the nonencrypted and nonredacted personal information of Plaintiffs and other pensioners, including their personal information.

60.    Plaintiffs have complied with the requirements of California Civil Code section 1798.150(b) and attach herewith as **Exhibit 1** true and correct copies of letters dated August 10, 2023 providing Defendants with written notice of the

specific provisions of the CCPA Plaintiffs allege have been violated via certified mail.[1]

61.    As a result of Defendants' violations, Plaintiffs and Class Members are entitled to all actual and compensatory damages according to proof or statutory damages allowable under the CCPA, whichever are higher, and to such other and further relief as this Court may deem just and proper.

## THIRD CAUSE OF ACTION

### Violation of the Customer Records Act ("CRA")

### Cal. Civ. Code § 1798.82

62.    Plaintiffs incorporate by reference each allegation set forth above.

63.    At all relevant times, Defendants were "businesses" under the terms of the CRA as sole proprietorships, partnerships, corporations, associations, financial institutions, or other groups, operating in the State of California that owned or licensed computerized data that included the personal information of Plaintiffs and Class Members.

64.    At all relevant times, Plaintiffs and Class Members were "customers" under the terms of the CRA as natural persons who provided personal information to Defendants for the purpose of purchasing or leasing a product or obtaining a service.

65.    By the acts described above, Defendants violated the CRA by allowing unauthorized access to customers' personal information and then failing to inform them when the unauthorized use occurred for weeks or months, thereby failing in their duty to inform their customers of unauthorized access expeditiously and without delay.

---

[1] Plaintiffs presently seek only individual relief under the CCPA and, upon the expiration of time prescribed by Civil Code section 1798.150(b), will amend this complaint to confirm the Defendants have declined or failed to cure the noticed violations.

66.    As a direct consequence of the actions as identified above, Plaintiffs and Class Members incurred additional losses and suffered further harm to their privacy, including but not limited to the loss of control over the use of their identity, harm to their constitutional right to privacy, lost time dedicated to the investigation of and attempt to recover the loss of funds and cure harm to their privacy, the need for future expenses and time dedicated to the recovery and protection of further loss, and privacy injuries associated with having their sensitive personal information disclosed, that they would not have otherwise lost had Defendants immediately informed them of the unauthorized use.

67.    As a result of Defendants' violations, Plaintiffs and Class Members are entitled to all actual and compensatory damages according to proof, to non-economic injunctive relief allowable under the CRA, and to such other and further relief as this Court may deem just and proper.

## FOURTH CAUSE OF ACTION

### Violation of the California Constitution's Right to Privacy

### Cal. Const., art I, § 1

68.    Plaintiffs incorporate by reference each allegation set forth above.

69.    The California Constitution expressly provides for a right to privacy. Cal. Const. Art. I, § 1.

70.    Plaintiffs and Class Members had a legally recognized and protected privacy interest in the personal information provided to and obtained by Defendants, including but not limited to an interest in precluding the dissemination or misuse of this sensitive and confidential information and the misuse of this information for malicious purposes such as the theft of funds and property. Plaintiffs and Class Members reasonably expected Defendants would prevent the unauthorized viewing, use, manipulation, exfiltration, theft, and disclosure of their personal information and the unauthorized use of their accounts.

71.    Defendants' conduct described herein resulted in a serious invasion

of the privacy of Plaintiffs and Class Members, as the release of personal information, including but not limited to names, social security numbers, dates of birth, and other information could highly offend a reasonable individual.

72.    As a direct consequence of the actions as identified above, Plaintiffs and Class Members suffered harms and losses including but not limited to the loss of control over the use of their identity, harm to their constitutional right to privacy, lost time dedicated to the investigation of and attempt to recover the loss of funds and cure harm to their privacy, the need for future expenses and time dedicated to the recovery and protection of further loss, and privacy injuries associated with having their sensitive personal information disclosed.

**FIFTH CAUSE OF ACTION**

**Violation of California's Unfair Competition Law ("UCL")**

**Cal. Bus. & Prof. Code § 17200, *et seq*.**

73.    Plaintiffs incorporate by reference each allegation set forth above.

74.    By engaging in the above-described unfair business acts and practices, Defendants committed and continue to commit one or more acts of unlawful, unfair, and fraudulent conduct within the meaning of the UCL. These acts and practices constitute a continuing and ongoing unlawful business activity defined by the UCL, and justify the issuance of an injunction, restitution, and other equitable relief pursuant to the UCL.

75.    Defendants' acts and practices constitute a continuing and ongoing unlawful business activity defined by the UCL. Defendants failed and continue to fail to implement and maintain reasonable security procedures and practices appropriate to protect the personal information; failed and continue to fail to inform their customers of unauthorized access expeditiously and without delay; and made and continue to make misrepresentations regarding the nature and quality of their data protection, all in violation of, inter alia, the following California laws: California Civil Code section 1798.150(a); California Civil Code

section 1798.82(a); and California Constitution, article I, section 1.

76.    Defendants' acts and practices constitute a continuing and ongoing unfair business activity defined by the UCL. Defendants' conduct is contrary to the public welfare as it transgresses civil statutes of the State of California designed to protect individuals' constitutional and statutory right to privacy, violates established public policy, and has been pursued to attain an unjustified monetary advantage for Defendants by creating personal disadvantage and hardship to California pensioners. As such, Defendants' business practices and acts have been immoral, unethical, oppressive and unscrupulous and has caused injury to pensioners far greater than any alleged countervailing benefit.

77.    As a direct and proximate consequence of the actions as identified above, Plaintiffs and Class Members suffered and continue to suffer harms and losses including but not limited to the loss of control over the use of their identity, harm to their constitutional right to privacy, lost time dedicated to the investigation of and attempt to recover the loss of funds and cure harm to their privacy, the need for future expenses and time dedicated to the recovery and protection of further loss, and privacy injuries associated with having their sensitive personal information disclosed.

78.    Plaintiffs seek an order of this Court awarding restitution and injunctive relief and all other relief allowed under the UCL, including interest and attorneys' fees pursuant to, inter alia, Code of Civil Procedure section 1021.5, and to such other and further relief as this Court may deem just and proper.

## SIXTH CAUSE OF ACTION

### Breach of Implied Contract

79.    Plaintiffs incorporate by reference each allegation set forth above.

80.    Through its course of conduct, PBI, Plaintiffs and Class Members entered into implied contracts for PBI to implement data security adequate to safeguard and protect the privacy of Plaintiffs' and Class Members' PII.

81.    PBI required Plaintiffs and Class Members to provide and entrust their PII as a condition of obtaining Defendants' services for pension management services through CalPERS.

82.    PBI solicited and invited Plaintiffs and Class Members to provide their PII as part of Defendants' regular business practices. Plaintiffs and Class Members accepted Defendants' offers and provided their PII to Defendants for pension management services through CalPERS.

83.    Plaintiffs and Class Members provided and entrusted their PII to Defendants. In so doing, Plaintiffs and Class Members entered into implied contracts with Defendants by which Defendants agreed to safeguard and protect such non-public information, to keep such information secure and confidential, and to timely and accurately notify Plaintiffs and Class Members if its data had been breached and compromised or stolen.

84.    A meeting of the minds occurred when Plaintiffs and Class Members agreed to, and did, provide their PII to Defendants, in exchange for, amongst other things, the protection of their PII.

85.    Plaintiffs and Class Members fully performed their obligations under the implied contracts with Defendants.

86.    Defendants breached the implied contracts it made with Plaintiffs and Class Members by failing to safeguard and protect their PII and by failing to provide timely and accurate notice to them that their PII was compromised as a result of the Data Breach.

87.    As a direct and proximate result of Defendants' above-described breach of implied contract, Plaintiffs and Class Members have suffered (and will continue to suffer) (a) ongoing, imminent, and impending threat of identity theft crimes, fraud, and abuse, resulting in monetary loss and economic harm; (b) actual identity theft crimes, fraud, and abuse, resulting in monetary loss and economic harm; (c) loss of the confidentiality of the stolen confidential data; (d)

the illegal sale of the compromised data on the dark web; (e) lost work time; and (f) other economic and non-economic harm.

**PRAYER FOR RELIEF**

88.    Plaintiffs, on behalf of themselves and all others similarly situated, request the Court enter judgment against Defendants, as follows:

(a)    An order certifying the proposed Class, designating Plaintiffs as named representatives of the Class, and designating the undersigned as Class Counsel;

(b)    An order enjoining Defendants, their affiliates, successors, transferees, assignees, and the officers, directors, partners, agents, and employees thereof, and all other persons acting or claiming to act on their behalf or in concert with them, from continuing to hold, possess, or maintain personal information of Californians;

(c)    For actual and compensatory damages according to proof pursuant to code and all other applicable laws and regulations, except that Plaintiffs presently seek only individual relief under the CCPA and, upon the expiration of time prescribed by Civil Code section 1798.150(b), will amend this complaint to confirm the Defendants have declined or failed to cure the noticed violations;

(d)    For restitution to the extent permitted by applicable law;

(e)    Any and all remedies provided pursuant to the causes of action and statutes alleged herein;

(f)    Leave to amend the Complaint to conform to the evidence produced at trial;

(g)    An award of pre-judgment and post-judgment interest, as provided by law;

CLASS ACTION COMPLAINT

(h)   An award of attorneys' fees and costs, as allowed by law; and

(i)   Such other relief as may be appropriate under the circumstances.

## DEMAND FOR JURY TRIAL

89.    Pursuant to Federal Rule of Civil Procedure 38(b) and Central District of California Local Rule 38.1, Plaintiffs hereby demand a trial by jury of all issues in this action so triable.

Dated:  August 10, 2023                    Respectfully submitted,

Capstone Law APC


By: /s/ Tarek H. Zohdy
Tarek H. Zohdy
Cody R. Padgett
Laura E. Goolsby

Attorneys for Plaintiffs